IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02233-WYD-MEH

CHRIS E. BANKSTON, and
DIANE R. BANKSTON,

      Plaintiffs,

v.

INTERNAL REVENUE SERVICE,

      Defendant.

_____

**RECOMMENDATION ON THE UNITED STATES' MOTION TO DISMISS
PURSUANT TO RULE 12(b)(1), (2), (5) and (6)**

_____

Pending before the Court is Defendant's Motion to Dismiss Pursuant to Rule 12(b)(1), (2),

(5) and (6) [filed November 24, 2008; docket #14]. The Motion has been referred to this Court for

recommendation [docket #16]. *See* 28 U.S.C. § 636(b)(1)(A); D.C. Colo. LCivR 72.1.C. The matter

is fully briefed, and oral argument would not materially assist the Court in its adjudication. For the

reasons set forth below, the Court recommends that Defendant's Motion to Dismiss Pursuant to Rule

12(b)(1), (2), (5) and (6) be **granted**.[1]

_____

[1]Be advised that all parties shall have ten (10) days after service hereof to serve and file any
written objections in order to obtain reconsideration by the District Judge to whom this case is
assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings
or recommendations to which the objections are being made. The District Court need not consider
frivolous, conclusive or general objections. A party's failure to file such written objections to
proposed findings and recommendations contained in this report may bar the party from a de novo
determination by the District Judge of the proposed findings and recommendations. *United States
v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file
written objections to the proposed findings and recommendations within ten (10) days after being
served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate
Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985);
*Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d
1159, 1164 (10th Cir. 1986).

## I.     Background

Plaintiffs, proceeding *pro se*, initiated this suit against the Internal Revenue Service ("IRS") on October 15, 2008.  In essence, Plaintiffs claim two Notices of Levy for a total amount of $18,877.53 in allegedly unpaid taxes issued by the IRS against Plaintiffs "without court order" violate Plaintiffs' constitutional rights.  (*See* docket #1 at 19-20.)  Plaintiffs assert the Court's jurisdiction pursuant to the First, Fourth, Fifth, Seventh, Thirteenth, and Fourteenth Amendments of the United States Constitution, as well as 42 U.S.C. § 1983, 15 U.S.C. § 1692(e), and 28 U.S.C. § 1356. (*Id*. at 7-9.)  Plaintiffs' belief that "as [ ] domiciled natural person[s] and one of the people," Plaintiffs are "not subject to file with the IRS" constitutes the crux of Plaintiffs' action.  (*Id*. at 8.) Plaintiffs request the Court to enjoin the IRS from enforcing the levies and also demand $3,000,000.00 in compensation for "Personal Injury, Real Injury, Malicious Injury, Libel and costs." (*Id*. at 14.)

Plaintiffs filed a Motion for Temporary Restraining Order on October 23, 2008, pursuant to Federal Rule of Civil Procedure 65, requesting the Court to enjoin the IRS from exercising an alleged October 21, 2008 levy purposed to seize money from Plaintiffs.  (*See* docket #3.)  The Court held a hearing on Plaintiffs' Motion for Temporary Restraining Order on Friday, October 24, 2008. (*See* docket #7.)  The Court then issued the recommendation currently pending before the District Court for the denial of Plaintiffs' Motion based on three grounds: first, Plaintiffs failed to assert valid subject matter jurisdiction in this matter; second, the real party in interest, Plaintiff Diane Bankston, failed to attend the hearing to assert her rights or to make any allegation of wrongdoing meriting emergency injunctive relief, therefore the Court lacked any factual basis to issue injunctive relief even if subject matter jurisdiction was established; and third, even if the Court had a basis to

go so far as to analyze this case under the standards for issuance of a temporary restraining order, Plaintiffs failed to demonstrate a substantial likelihood of prevailing on the merits or irreparable harm. (*See* Docket #9.)

In response to Plaintiffs' Complaint, the named Defendant, the IRS, filed the Motion to Dismiss presently before the Court. (Docket #14.) As a preliminary matter, Defendant asserts that the proper Defendant in this matter is the United States of America, not the IRS. Defendant submits its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (2), (5), and (6), contending Plaintiffs "fail to state a waiver of sovereign immunity," Plaintiffs' argument that they are "excepted from the tax powers of the federal government" is frivolous, the Anti-Injunction Act bars the relief sought, and Plaintiff Chris Bankston lacks standing because the levies in question were issued against Plaintiff Diane Bankston. (Docket #15 at 2.)

Plaintiffs responded to Defendant's Motion to Dismiss by reiterating the same arguments presented in their Complaint and at the October 24, 2008 hearing. (*See* docket #26.) In addition to the contentions already conveyed, Plaintiffs add their assertion that the IRS is the proper party because it "is not the United States created by the United States of America and is a separate entity or instrumentality of the United States." (Docket #26 at 1.) Plaintiffs also submit to the Court that the "principal question" is whether the District Court should "entertain, much less grant the defendant's motion for dismissal" before Plaintiffs conduct scheduling and discovery in this matter. Plaintiffs believe the Motion to Dismiss is "premature." (*Id*. at 2.)

## II. Standard of Review

### A. Dismissal under Fed. R. Civ. P. 12(b)(1)

Fed. R. Civ. P. 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction

over the subject matter." Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).

In a lawsuit against the United States or an agency of the United States, the United States must waive its sovereign immunity and consent to suit in order for a court to exercise subject matter jurisdiction over the case. *See, e.g., U.S. v. Mitchell*, 463 U.S. 206, 212 (1983); *Lonsdale v. U.S.*, 919 F.2d 1440, 1442-44 (10th Cir. 1990). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Plaintiffs bear the burden of establishing that the United States waived sovereign immunity regarding the claims in this matter, in order for the Court to exercise subject matter jurisdiction.

### B.  *Dismissal under Fed. R. Civ. P. 12(b)(2) and (5)*

Fed. R. Civ. P. 12(b)(2) dictates a case may be dismissed for lack of personal jurisdiction. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of summons must be satisfied." *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Insufficient service of process provides a basis for dismissal of a case under Fed. R. Civ. P. 12(b)(5).

Fed. R. Civ. P. 4(i) governs service of process upon the United States and upon an officer, agency, or corporation of the United States.  To serve the United States properly according to Fed. R. Civ. P. 4(i)(1), a party must:

> (A) (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought - or to an assistant United States attorney or clerical employee whom the United States designates in a writing filed with the court clerk - or
> > (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington D.C.; and
>
> (C) if the action challenges an order of a non-party agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

The plaintiff bears the burden of establishing proper service of process.  *Lasky v. Lansford*, 76 F. App'x 240, at *241 (10th Cir. 2003) (citation omitted).  "A *pro se* litigant is still obligated to follow the requirements of Fed. R. Civ. P. 4."  *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993).

### C.      Dismissal under Fed. R. Civ. P. 12(b)(6)

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all of the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff.  *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1968-69 (2007).  Courts should look to the specific allegations of the complaint to determine whether they plausibly support a legal claim for relief-- that is -- a complaint must include "enough facts to state a claim for relief that is plausible on its face."  *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1236 (10th Cir. 2007); *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007).  The complaint must sufficiently allege facts supporting all of the elements necessary to establish an entitlement to relief under the legal

theory proposed. *Lane v. Simon*, 2007 WL 2136579, *3 (10th Cir. July 26, 2007). As the Tenth

Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set

of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to

believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."

*Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

### D.      *Dismissal of a Pro Se Plaintiff Complaint*

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less

stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not

supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory

on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations

and citations omitted). The Tenth Circuit interpreted this rule to mean "if the court can reasonably

read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite

the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor

syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir. 1991). However, the Tenth Circuit qualifies this interpretation in

that it is not "the proper function of the district court to assume the role of advocate for the *pro se*

litigant." *Id*.

### III.    Analysis

### A.      *Lack of Subject Matter Jurisdiction and Failure to State a Claim*

The Court agrees with Defendant's contention that the proper party to this proceeding is the

United States of America, not the Internal Revenue Service, because the Internal Revenue Service

is not an entity subject to this type of lawsuit. *See, e.g., Braggs v. U.S.*, 2003 WL 1950060, at *1

(W.D. Okla. Mar. 17, 2003) (citing *Blackmar v. Guerre*, 342 U.S. 512, 515 (1952)); *Holt v. Internal Revenue Service*, 2003 WL 1870525, at n.1 (D. Utah Feb. 28, 2003) (citations omitted). Plaintiffs erroneously rely on a Second Circuit case as a primary source of authority in their complaint and in their response to the Motion to Dismiss for alleging waiver of sovereign immunity, *Schulz v. Internal Revenue Service*, 395 F.3d 463 (2d Cir. 2005), which is in fact inapplicable in this matter.[2] (*See* docket #1 at 9; docket #26 at 19-24.) Plaintiffs would do better to adhere to the Tenth Circuit's decision in *Lonsdale*, which provides on-point binding legal precedent for this Court's recommendation to grant Defendant's Motion to Dismiss.[3] *See Lonsdale*, 919 F.2d 1440.

Similar to *Lonsdale*, Plaintiffs' Complaint "is essentially an attempt to prevent the collection of assessed taxes by challenging the underlying tax assessments." *Id*. at 1442. The *Lonsdale* plaintiffs characterized their claim as a quiet title action in order to circumvent the "pay first, litigate later" rule of federal tax collection. *Id*. at 1442-43. Here, Plaintiffs make no such ruse, but instead challenge the underlying tax assessment, in this case giving way to the two liens, by asserting their "status" as "natural" persons somehow excuses them from federal tax liability. (Docket #1 at 10,

---

[2]In *Schulz*, the Second Circuit held that a taxpayer seeking to quash administrative summonses served upon him by the IRS lacked standing to challenge the "mere issuance" of such summonses because the IRS had not commenced enforcement of the summonses. 395 F.3d at 464. In this case, Plaintiffs do not challenge a summons and a summons has not been issued, but instead seek the Court to prevent the IRS from enforcing a levy against Plaintiff Diane Bankston for unpaid federal taxes. However, like *Schulz*, Plaintiff Chris Bankston indeed lacks standing to bring the claims at hand.

[3]The Court refers Plaintiffs to the listing of twelve arguments popular with persons seeking to challenge the assessment against them of federal tax and designated as "completely lacking in legal merit and patently frivolous" in *Lonsdale*. 919 F.2d at 1448. Notably, the *Lonsdale* Court includes the claim that "individuals ('free born, white, preamble, sovereign, natural, individual common law 'de jure' citizens of a state, etc.') are not 'persons' subject to taxation under the Internal Revenue code" in this list of meritless assertions, which is precisely the declaration fronted by Plaintiffs as the basis for their action.

7

16; Docket #26 at 6-16.)

As previously described, Plaintiffs assert the Court's jurisdiction pursuant to the First, Fourth, Fifth, Seventh, Thirteenth, and Fourteenth Amendments of the United States Constitution, 42 U.S.C. § 1983, 15 U.S.C. § 1692(e), and 28 U.S.C. § 1356. (Docket #1 at 7-9.) This Court determined in its recommendation for denial of Plaintiffs' Motion for Temporary Restraining Order that Plaintiffs fail on each asserted jurisdictional basis in this matter. (*See* docket #9.) First, 42 U.S.C. § 1983 allows suit against a natural person acting under color of state law. The Internal Revenue Service is neither a natural person nor an arm of a state, as it is an entity of the federal government. Second, 15 U.S.C. § 1692 applies to "debt collection practices by debt collectors" as the Fair Debt Collection Practices Act ("FDCPA"). Federal taxes are not a debt, and the IRS is not a debt collector, therefore the FDCPA does not apply. *E.g., Bandy v. U.S.*, No. 07-1386-MLB, 2008 WL 1867991, at *8 (D. Kan. Apr. 24, 2008). Third, the IRS is a federal entity, precluding application of the Fourteenth Amendment which applies to the states. Fourth, Plaintiffs present no constitutional, statutory, or case law basis for waiver of the United States' sovereign immunity giving rise to asserting Constitutional violations generally, therefore such litany on the record also fails to provide jurisdiction. Fifth, *Bivens* allows suit for money damages against a federal official. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiffs seek an injunction, not damages, against the IRS, not an individual, therefore *Bivens* is inapplicable.

The only possibly legitimate basis for jurisdiction perceived by the Court might be Fifth Amendment due process, allowing relief for an unjustified taking via levy. Plaintiffs contend that judicial review "has never been available under the IRS levy procedure," which constitutes a

8

violation of Fifth Amendment due process.  (Docket #26 at 22.)  However, Fifth Amendment due process in the context of federal tax requires only that a taxpayer enjoy the right to bring suit for a refund if a tax had been collected unlawfully.  *See Lister v. U.S.*, 77 F. App'x 465, 466 (10th Cir. 2003).  As Plaintiffs request injunctive relief before any actual seizure of the assets at issue here, Plaintiffs fail to properly implicate due process.

Furthermore, even by construing Plaintiffs' complaint liberally and assuming Plaintiffs' contention that they lack liability for the taxes due as assessed by the IRS is correct, this action is barred by the Anti-Injunction Act, 26 U.S.C. § 7421.  The Anti-Injunction Act generally prohibits restraining the IRS in its collection of taxes, absent an exception.  Neither in their moving papers nor in Mr. Bankston's presentation in Court has any exception been alleged, let alone established by fact or law.  In sum, Plaintiffs fail to establish the requisite "explicit waiver of sovereign immunity" necessary to bring suit against the United States before any actual seizure of property intended to satisfy unpaid assessed federal tax liability, therefore the Court recommends Defendant's Motion to Dismiss be granted pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

### B.	*Lack of Personal Jurisdiction and Insufficient Service*

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of summons must be satisfied."  *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  Federal Rule of Civil Procedure 4, governing service of process, still binds Plaintiffs despite that they proceed in this matter *pro se*.  To serve the United States properly according to Fed. R. Civ. P. 4(i)(1), a party must "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought" and "send a copy of each by registered or certified mail to the Attorney General of the United States at Washington

D.C." Defendant represents to the Court that Plaintiffs properly served the local United States Attorney but has not served the Attorney General of the United States. (Docket #15 at 8-9.) Defendant further sets forth, "the United States has not and does not waive its right to proper service." (*Id*. at 8.)

Although this deficiency is curable, Plaintiffs make no argument in satisfaction of their burden of proving service nor do Plaintiffs present any intention to the Court of fulfilling this requirement. Therefore, the Court recommends Defendant's Motion to Dismiss be granted pursuant to Fed. R. Civ. P. 12(b)(2) and (5).

### C.    *Lack of Standing*

Standing is a necessary component of the Article III case or controversy requirement. *Habecker v. Town of Estes Park, Colo.,* 518 F.3d 1217, 1223 (10th Cir. 2008). The requirement that a party have standing "serves to ensure that the plaintiff is a proper party to invoke judicial resolution of the dispute." *Id.* (quoting *Warth v. Seldin,* 422 U.S. 490, 518 (1975)).

At Plaintiffs' request, the Court issued an order for hearing regarding Plaintiffs' Motion for a temporary restraining order on October 24, 2008. However, only Chris E. Bankston, not Diane R. Bankston, appeared before the Court. Mr. Bankston stated on the record that the taxes in question are due from Mrs. Bankston, and the IRS issued the levies in dispute against Mrs. Bankston, not Mr. Bankston. As stated, Mr. and Mrs. Bankston are proceeding *pro se*, representing their own respective interests. At the hearing, Mr. Bankston stated he had no lawfully issued authority to represent Mrs. Bankston as her guardian or next-friend, nor that Mrs. Bankston was incompetent to represent her own interests. Mr. Bankston, as a nonlawyer, may not represent the interests of Mrs. Bankston, despite Plaintiffs' submission of a document titled "Designation of Case Representative."

(Docket #11.)  The proper party in interest is Mrs. Bankston, and Plaintiff Chris Bankston should be dismissed from the case for lack of standing.

**III.     Conclusion**

Plaintiff Chris Bankston stated on the record that Plaintiff Diane Bankston is a natural person domiciled on the land of Colorado, not a citizen of the United States or of the state of Colorado, despite the fact that Mrs. Bankston was born in Boulder County, Colorado.  Apparently, Plaintiffs believe this assertion excuses Mrs. Bankston from the tax jurisdiction of the United States yet allows them to bring the claims at hand, thereby creating a strange juxtaposition in this matter.  Plaintiffs seek the Court to legitimize their attempt to evade paying the assessed taxes due to the federal government, and at the same time, they avail themselves onto the Federal Court for lawful protection, when the Court itself as well as the Legislature that creates the laws binding the Court exist, at least in part, by virtue of federal tax.  In any event, Plaintiffs' dispute with taxes is of a political nature and not legal.  For these and all of the reasons stated herein, the Court recommends Defendant's Motion to Dismiss be granted pursuant to Fed. R. Civ. P. 12(b)(1), (2), (5), and (6), and for lack of standing in regards to Plaintiff Chris Bankston.

Accordingly, it is hereby RECOMMENDED that  Defendant's Motion to Dismiss Pursuant to Rule 12(b)(1), (2), (5) and (6) [filed November 24, 2008; docket #14] be **GRANTED**.

Dated at Denver, Colorado, this 14th day of January, 2009.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge