IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02233-WYD-MEH

CHRIS E. BANKSTON, and
DIANE R. BANKSTON,

    Plaintiffs,
v.

INTERNAL REVENUE SERVICE,

    Defendant.

---

**MINUTE ORDER**

---

**Entered by Michael E. Hegarty, United States Magistrate Judge, on January 22, 2009.**

    Plaintiffs' Petition for Court Orders to the Attorney General with Instructions to Certify or Deny the Actions of the IRS and its Alleged Agent as Being in the Scope of its Auhority [sic] Pursuant to USC Title 5 Section 552(a)(4)(B)(C) and USC Title 28 Section 2679(d)(1) [filed January 20, 2009; docket #30] is **denied**, for the reasons set forth below.

    Section 552 of 5 U.S.C. embodies the Freedom of Information Act within the Administrative Procedures Act, which "provide[s] a public right of access, enforceable in federal court, to agency records." *Trentadue v. Integrity Committee*, 501 F.3d 1215, 1225 (10th Cir. 2007). Section 552(a)(4)(B) of 5 U.S.C. provides a cause of action in the case that an agency improperly withholds records from a complainant, and 5 U.S.C. § 552(a)(4)(C) establishes procedure for a defendant to answer or otherwise respond to a complaint brought pursuant to Section 552. These provisions do not apply to the matter at hand for the simple reason that the Tenth Circuit determined in *Lonsdale v. United States*, the Administrative Procedure Act does not require publication (or in Plaintiffs' terms, "verification/certification") of orders regarding authority delegated within the Department of the Treasury and the Internal Revenue Service. 919 F.2d 1440, 1445-46 (10th Cir. 1990).

    Regarding the Federal Tort Claims Act, "[t]he decision whether to certify employment under 28 U.S.C. § 2679(d)(1), and the substitution of the United States as a party under the same section, lies with the Attorney General. The Court will not disturb that executive decision." *Sanders v. Williams*, 160 F. Supp. 2d 1191, 1196 (D. Colo. 2001).