IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02233-WYD-MEH

CHRIS E. BANKSTON, and
DIANE R. BANKSTON,

     Plaintiffs,
v.

THE UNITED STATES OF AMERICA, and
INTERNAL REVENUE SERVICE,

     Defendants.
_____

**RECOMMENDATION ON THE UNITED STATES' MOTION TO DISMISS
PURSUANT TO RULE 12(b)(1), (2), (5) and (6)**
_____

Pending before the Court is the United States' Motion to Dismiss Pursuant to Rule 12(b)(1), (2), (5) and (6) [filed February 11, 2009; docket #38]. The Motion has been referred to this Court for recommendation [docket #40]. *See* 28 U.S.C. § 636(b)(1)(A); D.C. Colo. LCivR 72.1.C. Oral argument would not materially assist the Court in adjudicating this matter. For the reasons set forth below, the Court recommends that the United States' Motion to Dismiss Pursuant to Rule 12(b)(1), (2), (5) and (6) be **granted**.[1]

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d

Plaintiffs filed their Amended Complaint on February 6, 2009.[2] (Docket #37.) In response, the government submitted the Motion to Dismiss presently before the Court. Plaintiffs' Amended Complaint offers no substantive difference from their original Complaint and reiterates the arguments initially presented. Thus, the Court sees no need to allow further briefing on the Motion to Dismiss before issuing this Recommendation.[3]

**I.     Background**

The Court incorporates by reference the Background as stated in the January 14, 2009 Recommendation. (Docket #28 at 2-3.) The only distinction from the original Complaint discerned in Plaintiff's Amended Complaint is, in addition to the Internal Revenue Service ("IRS"), Plaintiffs name the United States as a defendant. (Docket #37 at 7.) To briefly summarize the Amended Complaint, Plaintiffs again contend their "status" as "One of the People" and "a Domiciled 'Natural Person'" exempts them from filing federal taxes. (*Id*. at 10-11.) Plaintiffs also again assert the Court's jurisdiction pursuant to the First, Fourth, Fifth, Seventh, Thirteenth, and Fourteenth Amendments of the United States Constitution, as well as 42 U.S.C. § 1983 and 28 U.S.C. § 1356. (*Id*. at 9.)

---

1159, 1164 (10th Cir. 1986).

[2]The Court accepts Plaintiffs' Amended Complaint as submitted pursuant to Fed. R. Civ. P. 15(a)(1).

[3]Additionally, Fed. R. Civ. P. 12(h)(3) requires that "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." As set forth herein, the Court indeed lacks subject matter jurisdiction over this claim as a matter of law, and Plaintiffs' Amended Complaint should be dismissed with prejudice.

## II. Standard of Review

### A. *Dismissal under Fed. R. Civ. P. 12(b)(1)*

Fed. R. Civ. P. 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).

In a lawsuit against the United States or an agency of the United States, the United States must waive its sovereign immunity and consent to suit in order for a court to exercise subject matter jurisdiction over the case. *See, e.g., U.S. v. Mitchell*, 463 U.S. 206, 212 (1983); *Lonsdale v. U.S.*, 919 F.2d 1440, 1442-44 (10th Cir. 1990). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Plaintiffs bear the burden of establishing that the United States waived sovereign immunity regarding the claims in this matter, in order for the Court to exercise subject matter jurisdiction.

### B. *Dismissal under Fed. R. Civ. P. 12(b)(2) and (5)*

Fed. R. Civ. P. 12(b)(2) dictates a case may be dismissed for lack of personal jurisdiction. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural

requirements of service of summons must be satisfied." *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Insufficient service of process provides a basis for dismissal of a case under Fed. R. Civ. P. 12(b)(5).

Fed. R. Civ. P. 4(i) governs service of process upon the United States and upon an officer, agency, or corporation of the United States. To serve the United States properly according to Fed. R. Civ. P. 4(i)(1), a party must:

> (A) (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought - or to an assistant United States attorney or clerical employee whom the United States designates in a writing filed with the court clerk - or
>     (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington D.C.; and
>
> (C) if the action challenges an order of a non-party agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

The plaintiff bears the burden of establishing proper service of process. *Lasky v. Lansford*, 76 F. App'x 240, at *241 (10th Cir. 2003) (citation omitted). "A *pro se* litigant is still obligated to follow the requirements of Fed. R. Civ. P. 4." *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993).

### C.  *Dismissal under Fed. R. Civ. P. 12(b)(6)*

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all of the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1968-69 (2007). Courts should look to the specific allegations of the complaint to determine whether they plausibly support a legal claim for relief-- that is -- a complaint must include "enough facts to state a claim for relief that is plausible

4

on its face." *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1236 (10th Cir. 2007); *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). The complaint must sufficiently allege facts supporting all of the elements necessary to establish an entitlement to relief under the legal theory proposed. *Lane v. Simon*, 2007 WL 2136579, *3 (10th Cir. July 26, 2007). As the Tenth Circuit explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

### D. *Dismissal of a Pro Se Plaintiff Complaint*

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Tenth Circuit qualifies this interpretation in that it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id*.

**III. Analysis**

*A.    Lack of Subject Matter Jurisdiction and Failure to State a Claim*

In their Amended Complaint, Plaintiffs continue to erroneously rely on a Second Circuit case as a primary source of authority for alleging waiver of sovereign immunity, *Schulz v. Internal Revenue Service*, 395 F.3d 463 (2d Cir. 2005), which is in fact inapplicable in this matter.[4] (Docket #37 at 12-14.)  Plaintiffs would do better to adhere to the Tenth Circuit's decision in *Lonsdale*, which provides on-point binding legal precedent for this Court's recommendation to grant Defendant's Motion to Dismiss.[5]  *See Lonsdale*, 919 F.2d at 1440.

Similar to *Lonsdale*, Plaintiffs' Complaint "is essentially an attempt to prevent the collection of assessed taxes by challenging the underlying tax assessments." *Id.* at 1442.  The *Lonsdale* plaintiffs characterized their claim as a quiet title action in order to circumvent the "pay first, litigate later" rule of federal tax collection. *Id.* at 1442-43.  Here, Plaintiffs make no such ruse, but instead challenge the underlying tax assessment, in this case giving way to the two liens, by asserting their "status" as "natural" persons somehow excuses them from federal tax liability.  (Docket #37 at 8,

---

[4]In *Schulz*, the Second Circuit held that a taxpayer seeking to quash administrative summonses served upon him by the IRS lacked standing to challenge the "mere issuance" of such summonses because the IRS had not commenced enforcement of the summonses. 395 F.3d at 464. In this case, Plaintiffs do not challenge a summons and a summons has not been issued, but instead seek the Court to prevent the IRS from enforcing a levy against Plaintiff Diane Bankston for unpaid federal taxes. However, like *Schulz*, Plaintiff Chris Bankston indeed lacks standing to bring the claims at hand.

[5]The Court refers Plaintiffs to the listing of twelve arguments popular with persons seeking to challenge the assessment against them of federal tax and designated as "completely lacking in legal merit and patently frivolous" in *Lonsdale*. 919 F.2d at 1448. Notably, the *Lonsdale* Court includes the claim that "individuals ('free born, white, preamble, sovereign, natural, individual common law 'de jure' citizens of a state, etc.') are not 'persons' subject to taxation under the Internal Revenue code" in this list of meritless assertions, which is precisely the declaration fronted by Plaintiffs as the basis for their action.

10-12.)

As previously described, Plaintiffs assert the Court's jurisdiction pursuant to the First, Fourth, Fifth, Seventh, Thirteenth, and Fourteenth Amendments of the United States Constitution, 42 U.S.C. § 1983, and 28 U.S.C. § 1356. (*Id*. at 9.) Plaintiffs fail on each asserted jurisdictional basis. First, 42 U.S.C. § 1983 allows suit against a natural person acting under color of state law. The Internal Revenue Service is neither a natural person nor an arm of a state, as it is an entity of the federal government; the same analysis applies to Defendant United States. Second, the IRS (and of course, the United States) is a federal entity, precluding application of the Fourteenth Amendment which applies to the states. Third, Plaintiffs present no constitutional, statutory, or case law basis for the requisite "unequivocally expressed" waiver of the United States' sovereign immunity for their claim. *U.S. v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). Fourth, 28 U.S.C. § 1356 does not establish federal court jurisdiction over challenging the federal government's authority to proceed by levy to collect federal tax, as Plaintiffs attempt to do here. *E.g., Swanson v. U.S.*, No. 00-781, 2002 WL 31236128, at *3 (Fed. Cl. 2002) (determining 28 U.S.C. § 1356 could not provide a basis for challenging "improper lien and/or levy placement"); *Knies v. C.I.R.*, No. 90-3393, 1992 WL 4222, at *3, n.6 (7th Cir. 1992) (describing 28 U.S.C. § 1356 as a general jurisdictional statute not providing a basis to challenge governmental authority to levy on property of a deficient taxpayer); *see also Lonsdale*, 919 F.2d at 1444 ("Sovereign immunity is not waived by general jurisdictional statutes . . . .").

The only possibly legitimate foundation for jurisdiction perceived by the Court might be Fifth Amendment due process, allowing relief for an unjustified taking via levy. However, Fifth Amendment due process in the context of federal tax requires only that a taxpayer enjoy the right

7

to bring suit for a refund if a tax had been collected unlawfully. *See Lister v. U.S.*, 77 F. App'x 465, 466 (10th Cir. 2003). As Plaintiffs bring their claims before any actual seizure of the assets at issue here, Plaintiffs fail to properly implicate due process.

Furthermore, even by construing Plaintiffs' pleadings liberally and assuming Plaintiffs' contention that they lack liability for the taxes due as assessed by the IRS is correct, this action is barred by the Anti-Injunction Act, 26 U.S.C. § 7421. The Anti-Injunction Act generally prohibits restraining the IRS in its collection of taxes, absent an exception. Plaintiffs have never alleged facts or law regarding any exception. In sum, Plaintiffs fail to establish the required explicit waiver of sovereign immunity necessary to bring suit against the United States before any actual seizure of property intended to satisfy unpaid assessed federal tax liability, therefore the Court recommends Defendant's Motion to Dismiss be granted pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

### B. *Lack of Personal Jurisdiction and Insufficient Service*

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of summons must be satisfied." *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Federal Rule of Civil Procedure 4, governing service of process, still binds Plaintiffs despite that they proceed in this matter *pro se*. To serve the United States properly according to Fed. R. Civ. P. 4(i)(1), a party must "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought" and "send a copy of each by registered or certified mail to the Attorney General of the United States at Washington D.C." The government represents to the Court that Plaintiffs properly served the local United States Attorney but has not served the Attorney General of the United States. (Docket #38 at 9.) The government further sets forth, "the United States has not and does not waive its right to proper

8

service." (*Id.*) Although this deficiency is curable, Plaintiffs' case has proceeded four months without Plaintiffs' satisfaction of their burden to fulfill this requirement. Therefore, the Court recommends Defendant's Motion to Dismiss be granted pursuant to Fed. R. Civ. P. 12(b)(2) and (5).

### C. *Lack of Standing*

Standing is a necessary component of the Article III case or controversy requirement. *Habecker v. Town of Estes Park, Colo.,* 518 F.3d 1217, 1223 (10th Cir. 2008). The requirement that a party have standing "serves to ensure that the plaintiff is a proper party to invoke judicial resolution of the dispute." *Id.* (quoting *Warth v. Seldin,* 422 U.S. 490, 518 (1975)).

Plaintiffs describe how the Notices of Levy in this matter were issued against Plaintiff Diane R. Bankston, not against Plaintiff Chris E. Bankston. (Docket #37 at 8.) As stated, Mr. and Mrs. Bankston are proceeding *pro se*, representing their own respective interests. Mr. Bankston, as a nonlawyer, may not represent the interests of Mrs. Bankston, despite Plaintiffs' submission of a document titled "Designation of Case Representative." (Docket #11.) The proper party in interest is Mrs. Bankston, and Plaintiff Chris Bankston should be dismissed from the case for lack of standing.

## IV. Conclusion

Plaintiffs believe that their "status as a domiciled natural person and one of the people" excuses Mrs. Bankston from the tax jurisdiction of the United States, yet simultaneously allows them to bring the claims at hand, thereby creating a strange juxtaposition in this matter. Plaintiffs seek the Court to legitimize their attempt to evade paying the assessed taxes due to the federal government, and at the same time, they avail themselves onto the federal court for lawful protection, when the Court itself as well as the Legislature that creates the laws binding the Court exist, at least

in part, by virtue of federal tax. In any event, Plaintiffs' dispute with taxes is of a political nature and not legal. For these and all of the reasons stated herein, the Court recommends Defendant's Motion to Dismiss be granted pursuant to Fed. R. Civ. P. 12(b)(1), (2), (5), and (6), and for lack of standing in regards to Plaintiff Chris Bankston. The Court further recommends Plaintiffs' Amended Complaint be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(h)(3).

Accordingly, it is hereby RECOMMENDED that the United States' Motion to Dismiss Pursuant to Rule 12(b)(1), (2), (5) and (6) [filed February 11, 2009; docket #38] be **GRANTED**.

Dated at Denver, Colorado, this 12th day of February, 2009.

BY THE COURT:


s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge