IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  08-cv-02233-WYD-MEH

CHRIS E. BANKSTON; and
DIANE R. BANKSTON,

      Plaintiffs,

v.

INTERNAL REVENUE SERVICE,

      Defendant.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE**

---

THIS MATTER is before the Court on Plaintiffs' Motion for Temporary Restraining Order ["TRO"] filed October 23, 2008, the United States' Motion to Dismiss Pursuant to Rule 12(b)(1), (2), (5) and (6) filed November 24, 2008, and the United States' Motion to Dismiss Pursuant to Rule 12(b)(1), (2), (5) and (6) filed February 11, 2009.  These motion were referred to Magistrate Judge Hegarty for a recommendation by Order of Reference of October 24, 2008, and Memoranda of October 24, 2008, November 24, 2008, and February 11, 2009.  I first address the Motion for TRO.

    A.    <u>Motion for Temporary Restraining Order</u>

Magistrate Judge Hegarty held a hearing on Plaintiff's Motion for TRO on October 24, 2008, and issued a Recommendation that same day.  It is recommended therein that Plaintiff's Motion for TRO be denied.  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b),

D.C.COLO.LCivR. 72.1.  On November 7, 2008, Plaintiffs filed timely objections to the Recommendation.  A response was filed to the objections on November 14, 2009.

As the Recommendation notes, Plaintiffs' Motion for TRO requests that the Court enjoin the IRS from exercising an October 21, 2008 levy allegedly purposed to seize money from Plaintiffs.  (Recommendation of October 24, 2008, at 2.)  At the hearing, Plaintiff Chris Bankston argued that the income tax debt underlying this action is Mrs. Bankston's (Diane Bankston), and that the levy that the IRS was making was against money allegedly belonging to Mrs. Bankston.  (*Id.*)  Diane Bankston did not appear at the hearing.  (*Id.*)

Magistrate Judge Hegarty found that the Motion for TRO should be denied on three grounds.  (*Id.*)  First, he found that Plaintiffs failed to assert valid subject matter jurisdiction in this matter.  (*Id.* at 2-3.)  Second, he found that the real party in interest, Diane Bankston, failed to attend the hearing to assert her rights or to make any allegation of wrongdoing meriting emergency injunctive relief.  Accordingly, Magistrate Judge Hegarty found that the Court lacked any factual basis to issue injunctive relief even if subject matter jurisdiction was established.  (*Id.* at 2, 4.)  Third, he found that even if the Court had a basis to analyze the case, Plaintiffs failed to demonstrate a substantial likelihood of prevailing on the merits or irreparable harm.  (*Id.* at 2, 4-6.)

Plaintiffs object to the Recommendation, asserting that they did establish valid subject matter jurisdiction.  They cite to, among other things, the due process clause and various amendments to the United States Constitution.  Further, they assert that there is a substantial likelihood of success on the merits, citing *Schultz v. IRS*, 395 F.3d

463 (2nd Cir. 2005) and *Schultz v. IRS*, 413 F.3d 297 (2d Cir. 2005).  They further argue that Diane Bankston is not identified by 26 U.S.C. § 6331 as a person upon whom levy made by made, that the levies were outside the scope of the IRS' authority, and that the Anti-Injunction Act is inapplicable.  As to the Recommendation's finding that the Motion for TRO should be denied because Diane Bankston as the real party in interest failed to attend the hearing to assert her rights, Plaintiffs assert that she could not be present at the hearing and that she has since designated Chris Bankston as her representative for this action.

Turning to my analysis, Plaintiff's objections necessitate a de novo determination as to those specified proposed findings or recommendations to which objection is made since the motion at issue seeks injunctive relief and is therefore dispositive.  28 U.S.C. § 636(b)(1).  For the reasons stated below, I affirm and adopt the Recommendation on Plaintiff's Motion for Temporary Restraining Order.

First, I find that Plaintiffs have not established that the Court has subject matter jurisdiction over this suit.  While Plaintiffs argue that the Anti-Injunction Act, 26 U.S.C. § 7421, is inapplicable, I disagree.  The Act restricts the filing of any suit by any person in any court to restrain the assessment or collection of any tax.  *Id*.  Plaintiffs have not shown that any exceptions to the Act are applicable.  Further, they have failed to show even a limited waiver of the United States' sovereign immunity in connection with the claims at issue in this case.

The *Shultz* cases are inapplicable, as they dealt with summons power of the IRS under a statute specifically applicable to summons.  No summons is at issue in this

case.  Further, the constitutional claims cannot be brought unless there is a waiver to sovereign immunity, which has not been shown.  As the Recommendation and the response to the objections also note, Plaintiffs cannot pursue a claim under 42 U.S.C. § 1983, the Fair Debt Collection Practices Act, or any other authority relied on by Plaintiffs.  For the same reasons, I agree with the Recommendation that Plaintiffs cannot show a likelihood of success on the merits.

Further, it is undisputed that the levies at issue are directed against Diane Bankston.  Accordingly, she is the real party in interest and she failed to appear at the TRO hearing to assert her rights or make allegations of wrongdoing.  Thus, Magistrate Judge Hegarty was correct in finding that the TRO motion should have also been denied on this basis.  The fact that after the hearing Plaintiff Diane Bankston purported to make Chris Bankston her representative does not remedy her failure to appear at the hearing to show that a TRO should be granted.  Further, as Magistrate Judge Hegarty correctly noted, Chris Bankston cannot be Diane Bankston's representative since he is not an attorney, Diane Bankston has not been shown to be incompetent to represent her own interests, and Chris Bankston has no lawfully issued authority to represent the interests of Diane Bankston.

B.    Recommendation on Motions to Dismiss

Turning to the motions to dismiss, the original motion was filed on November 24, 2008, a response was filed on December 23, 2008, and a reply was filed on December 31, 2008.  Magistrate Judge Hegarty issued a Recommendation on the United States'

Motion to Dismiss Pursuant to Rule 12(b)(1), (2), (5) and (6) on January 14, 2009, recommending that the motion to dismiss be granted.

Thereafter, on February 6, 2009, Plaintiffs tendered an Amended Complaint. The United States filed a second motion to dismiss on February 11, 2009, and Magistrate Judge Hegarty issued a Recommendation on February 12, 2009.  Again, Magistrate Judge Hegarty recommended that the motion to dismiss be granted.  An objection was filed by Plaintiffs on March 2, 2009, and a response to the objections was filed on March 10, 2009.  The Recommendations are incorporated herein by reference.

I first find that the Recommendation on the United States' original motion to dismiss filed January 14, 2009 appears to be moot in light of the fact that the United States filed a second motion to dismiss that addresses the amended complaint. Accordingly, I focus on the Recommendation of February 12, 2009.  Since the Recommendations are essential identical, however, my analysis applies to both Recommendations.

In the Recommendation of February 12, 2009, Magistrate Judge Hegarty recommends that the United States' motion to dismiss be granted.  First, he states that Plaintiffs' Complaint "'is essentially an attempt to prevent the collection of assessed taxes by challenging the underlying tax assessments.'" (Recommendation at 6) (quoting *Lonsdale v. United States*, 919 F.2d 1440, 1442-44 (10th Cir. 1990)).  Further, he finds that Plaintiffs fail on each jurisdictional basis asserted, including 42 U.S.C. § 1983 as the IRS is not a natural person or an arm of the state.  *Id*. at 6-8.  Moreover, he finds that the action is barred by the Anti-Injunction Act, 26 U.S.C. § 7421, which prohibits

restraining the IRS in its collection of taxes.  (*Id.* at 8.)  The Recommendation thus

concludes that the motion to dismiss should be granted pursuant to Rules 12(b)(1) and

(6) as Plaintiffs failed to establish the required explicit waiver of sovereign immunity

necessary to bring suit against the United States.  (*Id.*)

The Recommendation also finds that the motion should be granted pursuant

to Rules 12(b)(2) and (5) based on a lack of personal jurisdiction, as Plaintiffs failed to

properly serve the United States and their case proceeded four months without

Plaintiffs' satisfaction of their burden to fulfill this requirement.  (Recommendation at 8-

9.)  Further, the Recommendation finds that the motion to dismiss should be granted as

to Chris Bankston due to a lack of standing, as the levies were issued against Diane

Bankston, the real party in interest.  *Id.*  Finally, Magistrate Judge Hegarty finds that

Plaintiffs' "status" as "natural" persons does not excuse them from federal tax liability.

(*Id.* at 9-10.)

Plaintiffs' objection asserts that the court has subject matter jurisdiction, relying

on the previously cited *Schultz* cases and other authority.  They also argue that

Congress gave up sovereign immunity for the United States on constitutional and

federal law violations when it passed 42 U.S.C. § 1983 into law, and that the IRS

forfeited sovereign immunity when it acted outside the scope of its authority.  They

assert that *Lonsdale* and 26 U.S.C. § 7421 are inapplicable because Plaintiffs hold

status as non-taxpayers.  Specifically, it is argued that their status is "one of the People

and a Domiciled Natural Person" and that they are neither a citizen or resident of the

United States.  Finally, Plaintiffs assert that the recommendation to dismiss the case for

lack of personal jurisdiction due to lack of service is moot because they have filed original certified return receipts from the Attorney General, and that Chris Bankston is a party of interest and has standing in this suit.

Plaintiffs' objections necessitate a de novo determination as to those specified proposed findings or recommendations to which objection is made since the Recommendations concern motions to dismiss which are dispositive in nature.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

I agree with the Recommendation and find that the United States' motions to dismiss should be granted on the basis that the Court lacks subject matter jurisdiction over this case.  As the United States notes in its response to Plaintiffs' objections, it is Plaintiff's burden to establish that the United States has waived sovereign immunity for this type of case.  Plaintiffs have failed to do so, as they have failed to cite any statute or authority which provides even a limited waiver of sovereign immunity.

Further, Plaintiffs have failed to show that the Anti-Injunction Act is inapplicable or that an exception applies.  As noted previously, the Act prohibits suits "for the purpose of restraining the assessment or collection of any tax."  26 U.S.C. § 7421.  In this case the claims fall squarely within that prohibition as Plaintiffs seek to "enjoin the [United States] to immediately cease and desist in the taking of money based on the Notice of Levy on Wages."  (Am. Comp. at 9.)  The cases, statutory authority and constitutional amendments relied on by Plaintiffs are inapposite, as explained previously in this Order and in the Recommendation and the United States' response to Plaintiffs' objections.  Finally, I agree with the Recommendation that Plaintiffs' theories that they

are not "taxpayers" due to their status as "one of the People and a Domiciled Natural Person" is without merit.  *See, e.g., Lonsdale v. United States*, 919 F.2d 1440, (10th Cir. 1990); *Prout v. Commissioner*, No. 01-9005, 2002 WL 437980, *1-2 (10th Cir. 2002).

Based upon the foregoing, it is

ORDERED that the Recommendation on Plaintiffs' Motion for Temporary Restraining Order (Doc. # 9 filed October 24, 2008) is **AFFIRMED AND ADOPTED**.  In accordance therewith, it is

ORDERED that Plaintiffs' Motion for Temporary Restraining Order (Doc. # 3 filed October 23, 2008) is **DENIED**.  It is

FURTHER ORDERED that the Recommendation on the United States' Motion to Dismiss Pursuant to Rule 12(b)(1), (2), (5) and (6) (Doc. # 28 filed January 14, 2009) and the Recommendation on the United States' Motion to Dismiss Pursuant to Rule 12(b)(1), (2), (5) and (6) (Doc. # 41 filed February 12, 2009) are **AFFIRMED AND ADOPTED**.  In accordance therewith, it is

ORDERED that the United States' Motions to Dismiss Pursuant to Rule 12(b)(1), (2), (5), and (6) (Doc. # filed 14 filed November 24, 2008) and the United States' Motion to Dismiss Pursuant to Rule 12(b)(1), (2), (5) and (6) (Doc. # 38 filed February 11, 2009) are **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.

Dated:  May 19, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge